HAMILL, Appellant, v. BOARD OF EDUCATION OF UNION FREE-SCHOOL DIST. NO. 5 OF VILLAGE OF RIVERHEAD IN COUNTY OF SUFFOLK, Respondent. (Supreme Court, Appellate Division, Second Department. June 22, 1900.) Action by George J. Hamill against the board of education of Union Free-School District No. 5 of the village of Riverhead in the county of Suffolk. No opinion. Orders affirmed, with $10 costs and disbursements.

HANNON, Respondent, v. SIEGEL-COOPER CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1900.) Action by Mary F. Hannon against the Siegel-Cooper Company. No opinion. Judgment and order unanimously affirmed, with costs.

HANSON et al., Respondents, v. FARESE, Appellant. (Supreme Court, Appellate Term. June 13, 1900.) Action by Harry D. Hanson and another against Thomas Farese. Judgment for plaintiffs, and defendant appeals. Affirmed. Samuel Feldman (Herman M. Schaap, of counsel), for appellant. Kneeland, La Fetra & Glaze (E. B. La Fetra, of counsel), for respondents.

PER CURIAM. The action is to recover the value of services rendered by the plaintiffs to the defendant as veterinary surgeons. The employment of the plaintiffs was disputed at the time, but there was sufficient evidence adduced in their behalf to warrant the justice in finding, as he did, in their favor. The defendant is in error with respect to the contention that the co-partnership of the plaintiffs was not established. Proof of such fact will be found on the first and second pages of the stenographer's minutes. The exceptions noted by the defendant are without merit. We conclude that the judgment should be affirmed, with costs.

HART v. PHILLIPS. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Joseph D. Hart against Samuel A. Phillips. No opinion. Motion granted, with $10 costs.

HARTFORD RUBBER-WORKS CO., Respondent, v. WHITNEY, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by the Hartford Rubber-Works Company against Oliver B. Whitney. No opinion. Judgment affirmed, with costs.

In re HARTSHORNE. (Supreme Court, Appellate Division, Second Department. July 9, 1900.) In the matter of the application of William Hartshorne for admission to practice as an attorney and counselor at law in the state of New York. No opinion. Application granted.

HAWKINS et al. v. LANTRY. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by Frank B. Hawkins and another against Patrick K. Lantry, impleaded. No opinion. Motion granted, with $10 costs.

HEMINGWAY et al., Appellants, v. OLDENBERG, Respondent. (Supreme Court, Appellate Term. June 13, 1900.) Action by John Hemingway and others against Diedrich C. Oldenberg to determine title to a safe. From a judgment in favor of defendant, plaintiffs appeal. Affirmed. Oscar J. Hochstadter, for appellants. Edward Herrmann, for respondent.

PER CURIAM. The record is barren of an exception, and the questions presented by this appeal relate solely to the facts. The main question contested at the trial was whether the safe in suit was included in the sale of the plaintiffs' business to the defendant. The testimony with respect to this point is conflicting; but, the trial justice having found in favor of the defendant, we see no reason for disturbing his conclusion. Judgment affirmed, with costs.

HENN, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 19, 1900.) Action by Matilda S. Henn against the Long Island Railroad Company.

PER CURIAM. We cannot see that this case involves any serious question that has not already been passed upon by the court of appeals. The motion for leave to appeal to that court will therefore be denied, but a stay of 10 days is granted in order that the appellant may apply elsewhere for leave, if so advised. See 65 N. Y. Supp. 21.

HERBERT v. MAYOR, ETC. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by Richard S. Herbert against the mayor, etc. No opinion. Motion granted, with $10 costs.

In re HEWES' WILL. (Supreme Court, Appellate Division, Fourth Department. June 5, 1900.) In the matter of the probate of the will of Jennie M. P. Hewes, deceased. No opinion. Decree of surrogate's court affirmed, with costs against the appellants personally.

HILDEBRANDT, Plaintiff, v. ROCHESTER TRUST & SAFE-DEPOSIT CO., Defendant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1900.) Action by Mary A. Hildebrandt against the Rochester Trust & Safe-Deposit Company, as administrator, etc.

PER CURIAM. Plaintiff's exceptions sustained, and a motion for a new trial granted, with costs to the plaintiff to abide event. Held that, under the evidence in the case, the question as to whether there was an express contract upon the part of the defendant's intestate to pay the plaintiff for at least some of the services rendered by her was a question for the jury.

HINDS, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June 28, 1900.) Action by Mary

Hinds against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed. H. A. Robinson, for appellant. Shaw, Fish & Shaw, for respondent.

PER CURIAM. This appeal is frivolous. Judgment is affirmed, with costs.

HOLMES, BOOTH & HAYDENS, Respondent, v. FABER, Appellant. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Holmes, Booth & Haydens against Eberhard Faber. From a judgment for plaintiff, and from an order denying a new ·trial, defendant appeals. Reversed. Charles T. Haviland, for appellant. D. M. Porter, for respondent.

PER CURIAM. In this case the same question is presented as in the case of Leonard v. Faber (decided herewith) 65 N. Y. Supp. 391. It arises in the same way and must be determined upon the same considerations. The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide event.

VAN BRUNT, P. J., dissents.

HOOLAHAN, Respondent, v. GOETZ et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 12. 1900.) Action by Anna E. Hoolahan, as administratrix, etc., against George Goetz and another. No opinion. Judgment and order affirmed, with costs.

HOOPER, Appellant, v. CROMWELL et al., Respondents. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by James W. Hooper against Oliver E. Cromwell and others. No opinion. Motion granted, with $10 costs.

HORNBERGER et al., Appellants, v. FEDER et al., Respondents. (Supreme Court, Appellate Term. June 28, 1900.) Action by Louis Hornberger and another against Annie Feder and another. · From a judgment in favor of defendants, plaintiffs appeal. Modified. See 61 N. Y. Supp. 865. Weschler & Burstein, for appellants. Blau & Lesser, for respondents.

PER CURIAM. Judgment modified, by reducing the value fixed from $148.75 to $110, and, as modified, affirmed, with costs.

HUTTON, Respondent, v. PERRY KNITTING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1900.) Action by Jonathan B. Hutton against the Perry Knitting Company.

PER CURIAM. Order denying defendant's motion for a bill of particulars affirmed, with $10 costs and disbursements. Held, that the defendant must be presumed to be in possession of all the facts respecting the alleged obstruction of the roadway in question, and that the allegation of the complaint as to any loss of custom caused thereby is not such as to entitle the plaintiff to give proof of special damages, and consequently as to that portion of the complaint no bill of particulars is necessary.

In re JACKMAN SHOE-MFG. CO. (Supreme Court, Appellate Division, Second Department. June 22, 1900.) In the matter of the application of a majority of the directors of the Jackman Shoe-Manufacturing Company for a final order dissolving said corporation. No opinion. Motion to dismiss appeal granted, unless the appellant file and serve the requisite papers on appeal within 10 days from the date of this decision.

JACQUES et al., Appellants. v. DAVID et al., Respondents. (Supreme Court, Appellate Term. June 13, 1900.) Action by James Jacques and others against B. Edmund David and others. From a judgment in favor of defendants, plaintiffs ·appeal. Affirmed. William C. Reddy, for appellants. H. A. View, for respondent Abbott. Frederick Wiener, for respondent David.

PER CURIAM. The doctrine of "res ipsa loquitur" cannot be invoked by the plaintiffs. Although the defendant David was in possession of the premises as tenant, the obligation nevertheless rested upon the plaintiffs under the lease to keep the premises in proper repair. If the happening of the occurrence in question warrants any inference, it must be that‚ the plaintiffs neglected their duty in failing to keep the premises in a state of repair. On the evidence, the judgment of the court below was proper, and should be affirmed. Judgment affirmed, with costs to both defendants.

JEFFERSON COUNTY NAT. BANK, Respondent, v. TOWNLEY, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by the Jefferson County National Bank against Margaret A. Townley, impleaded, etc. No opinion. Motion to dismiss appeal denied, without costs. Order affirmed, without costs. See 64 N. Y. Supp. 1138.

In re JOHN P. KANE CO. (Supreme Court, Appellate Division, First Department. June 8, 1900.) In the matter of the John P. Kane Company. C. W. Bangs, for John P. Kane Co. J. W. Shepard, opposed. No opinion. Order·affirmed, with $10 costs and disbursements.

JONES, Respondent, v. UNION FREE–SCHOOL DIST. NO. 6, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1900.) Action by William B. Jones, as assignee, etc., against the Union Free-School District No. 6. No opinion. Judgment affirmed, with costs.

JONES CONST. CO., Respondent, v. HEALEY et al., Appellants. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by the Jones Construction Company against John Healey and others. H. Bull, for appellant. A. S. Norton, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

JORDAN v. FOSTER. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by John Jordan against George H. Foster. No opinion. Motion granted, with $10 costs.